IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZERO IN TECHNOLOGY, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>BURRIS COMPANY, INC.<br><br>      Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF ZERO IN TECHNOLOGY, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Zero In Technology, LLC ("Zero In Technology" or "Plaintiff") by and for its Complaint against Defendant Burris Company, Inc. ("Burris" or "Defendant") hereby alleges as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement arising under the patent laws of the United States.  Plaintiff holds the rights in U.S. Patent No. 6,269,581 ("the 581 patent").  The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent.  Under 35 U.S.C. § 282(a), the '581 Patent is entitled to a presumption of validity.  Plaintiff is suing Defendant for infringing its patent, and doing so willfully.  Plaintiff seeks to recover damages from Defendant, including treble damages for willful infringement.

**THE PARTIES**

2.     Zero In Technology is a company, organized and existing under the laws of the State of Delaware, having a place of business at 3558 Lee Road, Shaker Heights, Ohio 44122.

3.     Upon information and belief, Defendant Burris Company, Inc. is a corporation, organized and existing under the laws of the State of Delaware with its principal place of business at 331 E. 8th Street, Greeley, Colorado 80631. Burris can be served via its registered agent Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**JURISDICTION**

4.     This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq*. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     The Court has personal jurisdiction over Defendant because Defendant, among other things, conducts business in, and avails itself of the laws of, the State of New York. In addition, upon information and belief, Defendant through its own acts and/or through the acts of its affiliated companies (acting as its agents, retailers or alter egos) make, use, offer to sell, sell (directly or through intermediaries), import, license and/or supply, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District. For example, without limitation, Burris identifies dealers in the State of New York and in this District on its website, www.burrisoptics.com. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this District.

6. Upon information and belief, Defendants directly or through its subsidiaries or intermediaries, make, use, offer for sale, sell, import, advertise, make available and/or market and, at all relevant times have made, used, offered for sale, sold, imported, advertised and made available and/or marketed products within the Southern District of New York, through their www.burrisoptics.com website, thereby infringing the '581 patent.

**VENUE**

7. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

8. Upon information and belief, Defendant resides in this District for the purposes of venue, insofar as it is subject to the personal jurisdiction in this District, has committed acts of infringement in this District, solicits business in this District, and conducts other business in this District.

**INFRINGEMENT OF U.S. PATENT NO. 6,269,581**

9. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

10. On August 7, 2001, the '581 patent, entitled "Range Compensating Rifle Scope," was duly and lawfully issued based upon an application filed by the inventor, John Groh. A true and correct copy of the '581 Patent is attached hereto as Exhibit 1.

11. Plaintiff is the assignee and owner of all right, title and interest in and to the '868 patent, and has the right to sue and recover damages for infringement thereof.

12. Upon information and belief, Defendant has engaged in the design, manufacture, marketing, offer for sale and sale of one or more Burris-branded rifle-scopes, including but not limited to the Burris Eliminator® III LaserScope® Series (collectively the "Accused Products").

13. Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Southern District of New York specifically. The Accused Products are available for retail purchase through the www.burrisoptics.com websites.

14. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '581 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and are continuing to infringe the '581 patent and is thus liable to Plaintiff pursuant to 35 U.S.C. § 271.

15. Defendant has indirectly infringed and continues to infringe at least claim 1 of the '581 patent by inducement under 35 U.S.C. 271(b). Defendant has induced and continues to induce users, retailers and dealers of the Accused Products to directly infringe at least claim 1 of the '581 patent.

16. Upon information and belief, Defendant knowingly induced users, retailers and dealers to market, sell, and/or use the Accused Products, including, for example, by promoting such products online (e.g., www.burrisoptics.com) and/or providing customers with instructions and/or manuals for using the Accused Products (e.g., "Eliminator III™ LaserScope User's Guide".)

17. Defendant's infringement of the '581 patent is without consent of, authority of, or license from Plaintiff.

18. Upon information and belief, Defendants' infringement of the '581 patent is willful. Burris is the original assignee of U.S. Patent Nos. 7,703,679 ("the '679 Patent") and

8,201,741 ("the '741 Patent"). Both the '679 Patent and the '741 Patent cite to the '581 Patent as a reference. On June 28, 2013, Burris was accused of infringement of U.S. Patent Nos. 8,001,715 ("the '715 Patent") and 8,365,445 ("the '445 Patent"). Both the '715 Patent and the '445 Patent cite to the '581 Patent as a reference. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling Plaintiff to its attorneys' fees and expenses.

19. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter judgment as follows:

A. That the '581 patent is valid and enforceable;

B. That Defendant has directly and indirectly infringed at least claim 1 of the '581patent;

C. That such infringement is willful;

D. That Defendant account for and pay to Plaintiff all damages pursuant to 35 U.S.C. § 284 to adequately compensate Plaintiff for Defendant's infringement of the '581 patent, but in no event less than a reasonable royalty for the use made by Defendant of the invention set forth in the '581 patent;

E. That Plaintiff receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F. That this is an exceptional case under 35 U.S.C. § 285;

G. That Defendant pay Plaintiff all of Plaintiff's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

   H. That Plaintiff be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendant's infringement of the '581 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

   I. That costs be awarded in accordance with 35 U.S.C. § 284 to Plaintiff; and

   J. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

  Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated:  February 2, 2016

Zachary Silbersher (ZS4391)
*zsilbersher@kskiplaw.com*
Gaston Kroub (GK6970)
*gkroub@kskiplaw.com*
Sergey Kolmykov (SK7790)
*skolmykov@kskiplaw.com*
KROUB, SILBERSHER & KOLMYKOV PLLC

305 Broadway, 7th Floor
New York, NY 10007
Telephone No.:  (212) 323-7442

*ATTORNEYS FOR PLAINTIFF
ZERO IN TECHNOLOGY, LLC*

COMPLAINT FOR PATENT INFRINGEMENT